## THE NEDERLAND.[*]

*(District Court, E. D. Pennsylvania. June 14, 1881.)*

1. COMMON CARRIER—INJURY TO PASSENGER—LATENT DEFECTS IN MACHINERY.

A steam-ship company is bound to observe the highest degree of care for a passenger's safety, but is not responsible for accidents resulting from latent defects in machinery and not avoidable by such care.

2. SAME.

A passenger on a steam-ship was injured by the fall of a boom caused by the drawing out of the shoulder of a swivel-hook from the band surrounding the block to which it was attached. It appeared that the accident must have resulted from a defect in the shoulder not discoverable by inspection of the block. *Held*, that the steam-ship was not liable.

Libel to recover damages for injuries suffered by libellant through an accident to the tackle of respondents' vessel. The facts were as follows:

During a voyage of the steam-ship Nederland, while the ship's crew were in the act of setting the fore try-sail, the shoulder of the swivel hook of the lower block, attached to an eyebolt in the deck, drew out from the iron strap surrounding the block, and caused the boom to fall to the deck. The libellant, who was a passenger, and who was rightfully on the deck at the time, was struck by the boom and injured. The libellant contended that the block had not been properly overhauled and examined; that the swivel was not kept oiled, but allowed to rust, and that the drawing out of the shoulder was due to this cause. The respondents alleged that the block was apparently in good condition, and that the accident could have resulted only through some defect in the shoulder not discoverable by inspection of the block. There was some evidence of a request to passengers before the accident to move from the position occupied by libellant, but it was not shown that he was warned of any danger of accident, or that he heard or understood the request to move.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

In Admiralty.

*D. Cowan, M. Veale,* and *J. Warren Coulston,* for libellant.
*Henry G. Ward* and *Morton P. Henry,* for respondents.

BUTLER, D. J. No debatable question of law is involved.
The contract imposed on respondent an obligation to observe
the highest degree of care for the passenger's safety. For
accidents which could not be avoided by such care, (resulting
from latent defects in machinery, or other similar cause,) he
was not responsible. He was not an insurer. The law is
well stated in *Meyer* v. *Railroad Co.* 14 P. F. Smith, 222.

Here the accident resulted from the "shoulder of the swivel
drawing out of the block." So the witnesses testify, and so
the libellant says in his "statement of facts." This could
only occur by reason of some defect in the shoulder; and
the shoulder being imbedded in wood, and covered by the
iron strap, (which was permanently affixed thereto,) this
defect could not be discovered. The impossibility of such
discovery is shown not only by the testimony of the wit-
nesses, but also by inspection of the block. It cannot be
urged that the block was liable to such an occurrence, (as the
shoulder drawing out,) because of its peculiar construction,
and, therefore, an improper one; for the evidence shows that
the drawing out of the swivel, in similar blocks, had never
occurred before, to the witnesses' knowledge, and that the
block is such as is in common use. It follows from what has
been said that the respondent is not liable for the complain-
ant's injury.

While the question of contributory negligence, which was
discussed by counsel, is rendered unimportant by the conclu-
sion reached, I, nevertheless, deem it proper to say, (as the case
may not rest here,) that I have found no evidence of negli-
gence in the libellant, contributing to his injury. If his sit-
uation on deck, at the time rendered him liable to injury from
such an accident as occurred, it was the respondent's duty
to remove him, or distinctly warn him of his danger, before
attempting to draw up the sail. It is clear, however, that no
such danger was, or could be apprehended. The request
made of passengers to move, was simply to save them from

possible inconvenience, from the moving ropes and sails, and to get them out of the way. If the libellant heard and understood the request, (which is very doubtful,) he took the risk of such inconvenience in remaining, but nothing more. If greater risk was involved, (such, for instance, as of the block giving way,) I incline to believe the respondent should be held liable for failing to remove the libellant, or to see that he distinctly understood the warning and the danger.

A decree will be entered dismissing the libel with costs.

I will add here what I had intended to say above,—that if there was failure, (as the libellant asserts,) to keep the swivel oiled, this could not, in my judgment, have contributed to the shoulder drawing out; and the question whether there was, or was not, such failure, is, therefore, unimportant. The testimony of the witnesses, who have spoken on the subject, however, is that the block appeared to be in good order in all respects.

**END OF CASES IN VOL. 7**